UNITED STATES DISTRICT OF COLUMBIA
FOR THE DISTRICT OF COLUMIBA

| | |
|---|---|
| **L&L CONSTRUCTION ASSOCIATES, INC.** : <br> 6300 Dower House Road : <br> Upper Marlboro, Maryland 20772 : <br> : <br> **Plaintiff** : <br> : <br> v. : <br> : <br> **SLATTERY SKANSKA, INC** : <br> 1616 Whitestone Expressway : <br> Whitestone, New York 11357 : <br> **SERVE:** CT Corporation, Registered Agent : <br> 1015 15 Street, N.W., Suite 1000 : <br> Washington, D.C. 20005 : <br> : <br> **Defendant.** : <br> _____ : | Civil Action No 05CV01289 <br> Judge Royce C. Lamberth |

## COMPLAINT

Plaintiff L&L Construction Associates, Inc., by and through its counsel, hereby files its Complaint against Defendant Slattery Skanska, Inc. For its Complaint, Plaintiff states the following.

### I.   PARTIES AND JURISDICTION

1. Plaintiff L&L Construction Associates, Inc. ("L&L") is a District of Columbia corporation with its principal place of business located in the State of Maryland.

2. Defendant Slattery Skanska, Inc. ("Slattery") is a New York Corporation with its principal place of business located in New York State.

3. The matters complained of herein arose from events that occurred in the District of Columbia.

4.     There is complete diversity of citizenship between L&L and Slattery and the amount in controversy exceeds $75,000.00. This Court has subject matter jurisdiction pursuant to Title 28 U.S.C. §1332(a). Venue is proper before this Court pursuant to 28 U.S.C. §1391(a)(1).

## II.     STATEMENT OF FACTS

5.     The allegations contained in paragraphs 1 through 4 are hereby incorporated and adopted by reference herein.

6.     In 2001, Slattery submitted a bid to the Washington Metropolitan Area Transit Authority ("WMATA") in response to the Request for Proposals ("RFP") issued by WMATA seeking a prime contractor to construct a certain public improvement project described as New York Avenue Station Construction, Project 1B0035, Section JDC, Phase 2, Glenmont Route (the "Project"), said Project to be constructed in the District of Columbia.

7.     Appendix D to the RFP, entitled Disadvantage Business Enterprises ("DBE"), stipulated in pertinent part as follows:

> "If the bidder/proposer is not a DBE, then the bidder/proposer agrees that the DBE goal for this Contract will be met by subcontractors or by joint venture with DBE's. The goal set forth for this Contract is 25% of the final Contract price, including amendments and modifications. The amount of DBE participation will be determined by the dollar value of the work performed and/or supplies furnished by DBE firms as compared to the total value of all work performed and/or supplies furnished under this Contract. The Contractor shall have met this goal if the Contractor's DBE participation meets or exceeds this goal."

8.     In order to meet this stated goal that 25% of the total value of all work under the Prime Contract be performed by DBE contractors, Slattery, as a bidder/proposer in response to the RFP, secured from L&L, a qualified DBE, an agreement dated October 3, 2001 (the "Agreement"), wherein Slattery promised and represented that if WMATA awarded the Prime Contract to Slattery, that Slattery would then award to L&L as part of the Prime Contract

underground utilities work with a stated dollar value of Four Million Two Hundred and Fifty Thousand Dollars ($4,250,000.00).

9. The Agreement was an integral part of Slattery's bid to WMATA to secure the Prime Contract by satisfying the 25% goal of DBE participation stipulated by the RFP.

10. Slattery was successful in its bid for the Project and secured the Prime Contract from WMATA, in conjunction with Lane Construction Corporation as part of a joint venture, by being able to rely upon the Agreement with L&L as part of its submission to WMATA.

11. After successfully securing the Prime Contract in reliance upon the promises and representations by Slattery to award underground utilities work to L&L in the amount of $4.2 million dollars, Slattery failed to follow through with this commitment.

12. Despite repeated and numerous requests and demands by L&L for Slattery to honor its obligation and perform consistent with its representations to WMATA regarding the stated goal of 25% DBE participation by awarding work to L&L in the approximate amount of $4.2 million dollars, Slattery only awarded contract work to L&L in the amount of approximately $1.1 million, which amount was approximately $3.1 million dollars short of its commitment under the Agreement.

13. This breach by Slattery has caused significant damages to L&L. In reliance upon Slattery's stated promise to award contract work to L&L valued at approximately $4.2 million dollars, L&L deferred undertaking other additional business opportunities and allocated and held in reserve its limited resources so as to be in a position to timely perform under the Agreement once the promised subcontract work under the Prime Contract was awarded to L&L by Slattery. Since Slattery never followed through on its commitment to L&L as reflected in the Agreement. L&L was materially damaged and injured by being deprived of the opportunity to perform other

work that it could have secured and performed had it not been required to perform as agreed under the Agreement.

14. L&L was also damaged by losing the lost profits that would have resulted had Slattery performed as promised and afforded L&L the opportunity to perform the work with the stated value of approximately $4.2 million dollars.

15. L&L performed all of its condition precedents under the Agreement.

### III.   COUNT I

16. The allegations contained in paragraph 1 through 15 of the Complaint are incorporated by reference herein.

17. Slattery and L&L entered into the Agreement wherein Slattery promised and represented that if WMATA awarded the Prime Contract to Slattery, that Slattery would then award to L&L as part of the Prime Contract underground utilities work with a stated dollar value of Four Million Two Hundred and Fifty Thousand Dollars ($4,250,000.00).

18. Slattery breached the terms of the Agreement by failing to perform under the Agreement, thereby causing damages to L&L.

**WHEREFORE,** Plaintiff L&L Construction Associates, Inc. request entry of judgment against Defendant Slattery Skanska, Inc. in the amount of Five Hundred and Fifty Thousand Dollars ($550,000.00) plus pre and post judgment interests, costs, and such other relief the Court deems just and appropriate.

Respectfully submitted,

_____

Bradshaw Rost, Esq.
***Tenenbaum & Saas, P.C.***
4330 East-West Highway, Suite 1150
Bethesda, Maryland 20814
(301) 961-5300
Counsel for Plaintiff

## JURY DEMAND

Plaintiffs demand a jury trial on the claims asserted herein.

_____

Bradshaw Rost, Esq.
***Tenenbaum & Saas, P.C.***
4330 East-West Highway, Suite 1150
Bethesda, Maryland 20814
(301) 961-5300
(Fax) 961-5305
Counsel for Plaintiff