IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L&L CONSTRUCTION ASSOCIATES, INC. <br><br> Plaintiff, <br><br> v. <br><br> SLATTERY SKANSKA, INC. <br><br> Defendant. | Case No. 05-CV-01289 <br> Judge Lamberth |

### DEFENDANT SLATTERY SKANSKA'S MOTION TO DISMISS

Defendant Slattery Skanska, Inc., by and through counsel, moves the Court to dismiss the above captioned action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. This Motion is made and based on the Federal Rules of Civil Procedure, the accompanying Memorandum of Points and Authorities, the papers and pleadings on file herein, and any oral argument that the Court may allow or request.

DATED this 19th day of July 2005.

Respectfully submitted,

*/s/ Edmund M. Amorosi*

Val S. McWhorter (D.C. Bar No. 91231)
Edmund M. Amorosi (D.C. Bar No. 482765)
W. Stephen Dale
SMITH, PACHTER, MCWHORTER & ALLEN, P.L.C.
8000 Towers Crescent Drive, Suite 900
Vienna, Virginia 22182
Telephone: (703) 847-6300
Facsimile: (703) 847-6312

*Attorneys for Slattery Skanska, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2005, I electronically filed the foregoing Motion to Dismiss and accompanying papers including a Memorandum of Points and Authorities and Proposed Order, with the Clerk of the District Court using its CM/ECF system. Service of these papers was effected electronically, as provided for under Local Civil Rule 5.4(d), on the following:

>Bradshaw Rost
>Tenenbaum & Saas, P.C.
>4330 East-West Highway, Suite 1150
>Bethesda, Maryland 20814

_____
Edmund M. Amorosi

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L&L CONSTRUCTION ASSOCIATES, INC.<br><br>Plaintiff,<br><br>v.<br><br>SLATTERY SKANSKA, INC.<br><br>Defendant. | Case No. 05-CV-01289<br>Judge Lamberth |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant Slattery Skanska ("Slattery") moves this Court to dismiss the Complaint filed by Plaintiff L&L Construction Associates, Inc. ("L&L") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In short, Defendant avers that Plaintiff has (1) not pled an enforceable claim for breach of contract and (2) no enforceable contracts exists upon which a claim can be based.

**STANDARD OF REVIEW**

In considering the propriety of a motion to dismiss for failure to state a claim, the standard of review is whether the Complaint, accepting the allegations as true and favorably to the non-moving party, permits a recovery. Hospital Building Co. v. Rex Hospital Trustees, 425 U.S. 738, 746 (1976); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Although a court resolves factual conflicts in favor of the non-moving party, dismissal is proper if the Complaint lacks an allegation regarding an element necessary to obtain relief. MOORE'S FEDERAL PRACTICE, § 12.34[4][a] (3d ed). The court need not accept as true legal conclusions cast as factual allegations. Kowal v. MCI Comm. Corp.,

16 F.3d 1271, 1276 (D.C. Cir. 1994); M.K. v. Tenet, 99 F.Supp. 2d 12, 17 (D.D.C. 2001) (on motion to dismiss, the court is not required to accept inferences unsupported by facts alleged, nor need it accept legal conclusions that are cast as factual allegations). The Court's review is generally limited to facts alleged within the Complaint. In re U.S. Office Products Co. Securities Litigation v. U.S. Office Products, 251 F. Supp. 2d 58 (D.D.C. 2003).

## ARGUMENT

### I.   L&L's Complaint Should Be Dismissed Because It Fails to Plead All Material Facts Necessary to Allege a Breach of Contract

L&L asserts only one count in its Complaint seeking relief as follows: "Slattery and L&L entered into the Agreement wherein Slattery promised and represented that if WMATA awarded the Prime Contract to Slattery, then Slattery would then award to L&L as part of the Prime Contract underground utilities work with a stated dollar value of [$4,250,000.00]." Complaint, ¶ 17. The Court need not accept as true L&L's contention that the purported agreement is in fact an enforceable agreement. Kowal, 16 F.3d at 1276; Virtual Development and Defense Int'l, Inc. v. The Republic of Moldova, 133 F. Supp. 2d 9, 17 (D.D.C. 2001) (same). Rather, it must make that determination based on all of the facts alleged in the Complaint.

Slattery asserts that L&L's Complaint falls short of stating the essential elements of a cause of action for breach of contract. L&L's oblique references to a purported agreement dated October 3, 2001 embody L&L's failings. First and most fundamentally, L&L failed to attach a copy of the purported agreement to the Complaint. A document such as an alleged written contract which is so central to Plaintiff's claim is normally attached to the Complaint, as expressly permitted by Fed. R. Civ. P. 10(c); see also

2

Bankcard Am., Inc. v. Universal Bancard Sys., Inc., 904 F. Supp. 753, 757 (N.D. Ill. 1995) (commercial contract considered on motion to dismiss).

Second, to state a claim for breach of contract, Plaintiff "must, at a minimum, allege the terms of the contract, each element of the alleged breach, and the resultant damages in a plain and simple fashion." Zaro Licensing, Inc. v. Cinmar, Inc., 779 F. Supp. 276, 286 (S.D.N.Y. 1991). Dismissal is warranted if the complaining party fails to state essential terms of the agreement. Performance Contracting, Inc. v. Seaboard Sur. Co., 163 F.3d 366, 369 (6th Cir. 1998). Under the law of the District of Columbia, an enforceable contract exists only if there is: "(1) agreement as to all material terms; and (2) intention of the parties to be bound." Jack Baker, Inc. v. Office Space Dev. Corp., 664 A.2d 1236, 1238 (D.C. 1995) (citations and quotation marks omitted). The party asserting the existence of a contract bears the burden of proof in that regard. Jack Baker, 664 A.2d at 1238; Rosenthal v. Nat'l Produce Co., 573 A.2d 365, 369-70 (D.C. 1990).

Slattery maintains that L&L has not pled agreement as to all material terms or that the parties intended to be bound. L&L does not allege that any agreement had been reached relating to such critical issues as scope of work, general terms and conditions of contract, schedule of payments, and contract duration, as required by law. Jack Baker, 664 A.2d at 1238. The key numbered paragraphs in which Plaintiff references the purported agreement do not allege these essential elements. See Complaint ¶¶ 8, 9, 10, 12, 13. The only terms mentioned in the Complaint by L&L are the price and a vague reference to underground utilities. See Complaint, ¶ 8. Without more, the Complaint fails to allege all materials facts essential to properly plead a breach of contract claim.

3

## II. Assuming *Arguendo* that All Elements of an Agreement Have Been Adequately Pled, the Alleged Agreement is Not An Enforceable Contract in the District of Columbia

L&L asserts that Slattery breached the terms of a purported agreement that was not attached to the Complaint. Defendant assumes *arguendo* that Plaintiff's reference to an October 3, 2001 document in the Complaint at ¶ 8 is a reference to a document attached to Slattery's bid to WMATA as part of its bid proposal. Slattery avers that the October 3, 2001 document is not an enforceable contract under the law of the District of Columbia because it fails to meet the requirements for contract formation. As such, Plaintiff has failed to state an enforceable cause of action.

As stated above, an enforceable contract exists only if there is: "(1) agreement as to all material terms; and (2) intention of the parties to be bound." Jack Baker, 664 A.2d at 1238. The purported agreement on which Plaintiff solely bases its recovery is more properly characterized as an agreement to agree, or at most a Letter of Intent ("LOI"). The document does not specify the scope of work in the detail required to be binding, but says vaguely that the work is generally for "underground utilities". The document states only that the parties will enter into an agreement for work on underground utilities at a sum certain, but it omits a multitude of other essential terms, such as schedule of payments, means and methods of work, the time of performance, limits on liability, indemnification, bonding requirements, payment terms, and the like, that would be the product of a future negotiation and, assuming agreement was reached, essential to forming a binding agreement.

"Vagueness of expression, indefiniteness and uncertainty as to any of the essential terms of an agreement, have often been held to prevent the creation of an enforceable

4

contract." Rosenthal, 573 A.2d at 370 (quoting 1 A. CORBIN ON CONTRACTS § 95, at 394 (1963). Material terms including price, payment terms, duration, and the identity of the parties involved are necessary. Jack Baker, 664 A.2d at 1238. Without agreement as to the parties or terms, there is no way of knowing who is bound by the contract or what they are required to do. Id. In Rosenthal, the Court held that an alleged contract between a produce supplier and a restaurant was unenforceable because "there was no stated agreement as to price, quantity, quality, or duration." Rosenthal, 573 A.2d at 370. L&L's purported agreement fails to contain the level of definition needed to form an enforceable agreement. The purported agreement is devoid of these terms because there was no agreement on them, and therefore no enforceable contract. See Virtual Development and Defense Int'l, Inc. v. The Republic of Moldova, 133 F. Supp. 2d 9, 19 (D.D.C. 2001) (finding that a contract did not exist where the parties had not discussed 'the method or timing of payment . . . the number and cost of [the goods] to be sold, or the manner of performance, or the precise role of the plaintiff'"); Jack Baker, supra, (finding no contract as the parties did not show the requisite intent to be bound must be evident or show agreement to all material terms.)

Even if the document qualifies as an LOI, however, Plaintiff's Complaint does not allege the facts necessary to support the notion that the document is a binding contract. LOI's serve as nothing more than a vehicle to maintain the status quo while the parties attempt to hammer out final agreement on the terms and conditions of a contract. According to Professor Corbin, a LOI, when used properly, is "an outline of a not yet finalized agreement, a road-map leading perhaps to a contract." CORBIN ON CONTRACTS, § 1.16 (2005). Slattery maintains that the purported agreement is as Professor Corbin

5

describes, a "not yet finalized agreement." Such a document serves as nothing more than a signal to each party that the other party has a good faith desire to continue negotiations to realize the goals avowed in the document. In this situation, the October 3, 2001 document served as nothing more than a place holder, a "not yet finalized agreement," to memorialize generalities in the parties' discussions in connection with the Project.[1]

L&L's attempt to enforce the so-called agreement as a contract is at odds with case law in this jurisdiction. "Agreements to agree" are not generally viewed by the courts as enforceable contracts. See Novecon, Ltd. v. Bulgarian-American Enterprise Fund, 967 F. Supp. 1382 (D.D.C. 1997) (finding that offer and acceptance achieved through exchange of correspondence was an agreement to agree to continue negotiations and not an enforceable binding legal obligation on the parties). Generally, LOI's are only seen as binding if the essential terms included in the LOI are identical to the essential terms ultimately included in the signed contract. See D.C. Area Community Council v. Jackson, 385 A.2d 185, 187 (D.C. 1978) (per curiam) (stating that there is no contract if the document the parties eventually enter into later contains any material terms not already agreed upon, the so-called contract to make a contract is not a contract at all).

Slattery asserts that these factors militate strongly against finding that the purported agreement is a binding agreement as alleged by L&L. Thus, Slattery avers that L&L's Complaint fails to assert an enforceable agreement. Consequently, L&L's Complaint must be dismissed because it fails to plead an essential element of a breach of contract cause of action.

---

[1] For the limited purposes of this Motion, and taking the facts in the light most favorable to the Plaintiff, the Complaint in fact acknowledges that the parties eventually assented to terms and conditions for a binding

6

**CONCLUSION**

For the foregoing reasons, Defendant Slattery respectfully requests that this Court dismiss Plaintiff L&L's Complaint.

DATED this 19th day of July 2005.

Respectfully submitted,

*[signature: Edmund M. Amorosi]*

Val S. McWhorter (D.C. Bar No. 91231)
Edmund M. Amorosi (D.C. Bar No. 482765)
W. Stephen Dale
SMITH, PACHTER, MCWHORTER & ALLEN, P.L.C.
8000 Towers Crescent Drive, Suite 900
Vienna, Virginia 22182
Telephone: 703-847-6300
Facsimile: 703-847-6312

*Attorneys for Defendant Slattery Skanska*

---

contract. See Complaint ¶ 12.