UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L&L CONSTRUCTION ASSOCIATES, INC : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No. 1:05CV01289 |
| : | Judge Royce C. Lamberth |
| SLATTERY SKANSKA, INC. : | |
| : | |
| Defendant. : | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S
RULE 12(B)(6) MOTION TO DISMISS THE AMENDED COMPLAINT**

Plaintiff L&L Construction Associates, Inc. ("L&L"), by and through its counsel, hereby files its Sur-Reply in Opposition to the Motion by Defendant Slattery Skanska, Inc. ("Slattery") to Dismiss the Amended Complaint under Fed.R.Civ.12(b)(6). In support thereof, the following is stated.

L&L files this Sur-Reply for purposes of bringing to the Court's attention the recent decision by the Maryland Court of Appeals in Tomran vs. Passano, __ A.2d __, 2006 WL 266509 (Md, February 6, 2006) (copy attached hereto), which opinion provides persuasive authority on the pending issue before the Court as to whether the forum selection clause contained in Article 31 of the Subcontract, and the merger clause in Article 32, governs the instant dispute set forth in L&L's Second Amended Complaint. It is well settled that the Courts in the District of Columbia shall look to precedent in Maryland in the absence of any binding authority in the District of Columbia. See Little v. U.S., 709 A.2d 708, 711 (1998) ("Maryland authorities expounding the common law of that state constitute powerful precedent in this jurisdiction, and this court has followed Maryland case law. . . ."); O'Connor v. United States,

399 A.2d 21, 25 (1979) (All common law in force in Maryland at time of cession of the District of Columbia remains part of D.C. law today unless repealed or modified by statute).

As discussed already in the papers filed with respect to the pending Motion to Dismiss the Amended Complaint, Slattery contends that the forum selection clause set forth in Article 31 of the Subcontract requires that this action be refilled in New York State, and Article 32 requires that the action be dismissed. Article 31 states in its entirety as follows:

> The interpretation of this Subcontract, including any alleged breach hereof, shall be governed by the laws of the State of New York. Any action at law or equity commenced by Subcontractor or SL Joint Venture on causes of action *arising under this Subcontract* shall be filed, and venue shall lay, exclusively in the Supreme Court of the State of New York, County of Queens, before a Justice of said Court. The Parties hereby waives the right to a trial by jury. Further, the parties hereby submit to the jurisdiction of said Court in all matters *arising under this Subcontract.* [Emphasis added].

Article 32 states in pertinent part that "there have been no representations by either party to the other to induce execution of this Subcontract, and all prior negotiations and understandings with respect to *the subject matter* are merged herein." [Emphasis added]. For the reasons set forth in the papers previously filed by L&L, Article 31 of the Subcontract is not applicable in that L&L's cause of action set forth in the Second Amended Complaint does not arise under the Subcontract; nor does Article 32 apply in that the "subject matter" is the work to be performed under the Subcontract which work is not the basis for the causes of action set forth in the Amended Complaint.

The entire scope of work for the Underground Utility Work promised in the October 3, 2001 Agreement for the New York Avenue Station Project consisted of (i) Water Distribution Systems; (ii) Sanitary Sewer; (iii) Underground Electrical and Communication Distribution Systems; (iv) Subway Drainage Systems; and (v) Storm Sewer. The Subcontract was only for work pertaining to the Storm Sewer and did not include the other four components of

Underground Utility Work. The Subcontract also included work for the Retaining Walls, which was not part of the Underground Utility Work and not the subject of the October 3, 2001 Agreement. Specifically, Article 2 of the Subcontract entitled "Scope of Work", states that the "scope of services to be provided" consists of the following: "Furnish, Provide, Install the Complete Storm Runoff and Wall Systems throughout the Project Site as Shown on the Construction Plans provided, as outlined below." Thus, the "scope of work" for the Subcontract, which is the "subject matter" of the Subcontract, related only to the Storm Sewer (which is part of the Underground Utility Work) and the Retaining Wall (which is not part of the Underground Utility Work), and did not include the remaining four components of the Underground Utility Work.

The dispositive point is that L&L's Second Amended Complaint does not assert a cause of action for any breach regarding the work for the Storm Sewer or Retaining Wall, and thus Article 31 and Article 32 do not apply.

In Tomran vs. Passano, supra, the plaintiff brought a derivative suit against the defendant bank under a "Deposit Agreement" between the plaintiff and defendant. The Deposit Agreement contained a forum selection clause designating New York law as the controlling law. The Maryland Court of Appeals held that the derivative cause of action was not a right specified in the Deposit Agreement and therefore the forum selection clause did not control. As result, it was determined that Irish law controlled, not New York law, and the complaint was dismissed for failure to state a cause of action under Irish law. A comparison of the language found in the Deposit Agreement to the language of Article 31 and 32 of the Subcontract, and the reasoning employed by the Maryland of Courts, demonstrates that L&L's cause of action in the Amended Complaint arising from Slattery's failure to award a contract to L&L to construct the Water

3

Distribution Systems, Sanitary Sewer, Underground Electrical and Communication Distribution Systems, and Subway Drainage Systems does not "arise" under the Subcontract. The scope of work and subject matter of the Subcontract was limited to the Storm System and Retaining Wall, and therefore Article 31 and 32 do not apply.

In <u>Tomran</u>, the forum selection clause in the Deposit Agreement stated as follows: "This Deposit Agreement and the Receipts shall be interpreted and all rights hereunder and thereunder and provisions hereof and thereof shall be governed by the laws of the State of New York." The plaintiff had focused on the phrase "all rights" as being broad enough to encompass the derivative claims even though such rights were not set forth in the Deposit Agreement. The Maryland Court of Appeals disagreed, holding that the phrase "hereunder and thereunder" limited the scope of rights to those specified only in the Deposit Agreement, and therefore the forum selection only applied to those rights specified in the Deposit Agreement. Since the complaint asserted claims not based upon rights specified in the Deposit Agreement the forum selection clause did not apply.

By way of comparison to the instant case, the phrase "hereunder and thereunder" in <u>Tomran</u> is the analytical equivalent of the phrase "causes of action arising under this Subcontract" in Article 31 and "subject matter" in Article 32. Thus, based upon the holding in <u>Tomran</u>, Slattery may not expand the scope of the forum selection clause and merger clause to extend to causes of action which are not based upon the Subcontract. The forum selection and merger clause would only apply to claims relating to the Storm Sewer and Retainer Wall.

In reaching its conclusion, the Maryland Court of Appeals relied upon many of the same arguments that have been advanced by L&L. The Court began with the following basic rule of contract interpretation.

4

> A recognized rule of construction in ascertaining the true meaning of a contract is that the contract must be construed in its entirety and, if reasonably possible, effect must be given to each clause so that a court will not find an interpretation which casts out or disregards a meaningful part of the language of the writing unless no other course can be sensibly and reasonably followed. [citations omitted]
>
> Imbued with its ordinary, plain meaning and read in the context of the choice of law provision, "hereunder and thereunder" must be viewed as referring to the rights set forth in the Deposit Agreement and Receipts. Based upon the grammatical and syntactical structure of the clause, "hereunder" must concern the rights and obligations contained within the Deposit Agreement, which is the document where the choice of law clause appears. Similarly, "thereunder" must reference the terms embodied in the Receipts, which are the only other documents listed and which appear after the Deposit Agreement in the clause. Therefore, we conclude that the only reasonable interpretation of "hereunder and thereunder" is one wherein the phrase limits the scope of the choice of law provision to those rights enumerated in the Deposit Agreement and Receipts.

Tomran, Inc. v. Passano, 2006 WL 266509, *6 (Md.) (Md.,2006). The Court went on to state that: "Our determination also is consistent with those jurisdictions that have considered the meaning of "hereunder and thereunder" in the choice of law context, in arbitration clauses, and in forum selection clauses." *citing* Rochdale Village, Inc. v. Public Service Employees Union, 605 F.2d 1290, 1296 (2d Cir.1979) (holding that "[t]he insertion of the word 'hereunder' after the otherwise all-inclusive phrase 'any and all disputes' has the effect of limiting, albeit slightly, the parties' duty to arbitrate. All disputes arising 'under' the agreement are to be arbitrated; those that are collateral to the agreement are not."). Tomran, Inc. v. Passano 2006 WL 266509, *7 (Md.) (Md.,2006).

Finally, the Court explained that: "Had the parties intended the choice of law clause to govern "all rights," as Tomran urges, there would be no need to include the phrases "hereunder and thereunder" in the clause. Thus, were we to conclude that the clause applied to "all rights," regardless of their inclusion in the Deposit Agreement or Receipts, we would be rendering the

5

phrase "hereunder and thereunder" nugatory." Tomran, Inc. v. Passano, 2006 WL 266509, *7 (Md.) (Md.,2006).

Similarly, in the instant case, had the parties intended the forum selection clause to apply to all their disputes – and not just to those disputes arising under the rights and duties specified in the Subcontract for the construction of the Storm Sewer and Retaining Wall – there would have been no need to limit the scope of Article 31 to "causes of action under this Subcontract". Moreover, had the parties intended the integration clause in the Subcontract to govern their entire relationship there would have been no need to limit the scope of Article 32 to only the "subject matter" of the Subcontract. To adopt Slattery's interpretation would render these qualifying phrases in Article 31 and 32 meaningless, which would be contrary to the cardinal rule of contract interpretation applied by the Maryland Court in Tomran which rule of construction should be applied by this Court.

March 7, 2006                                    **RESPECTFULLY SUBMITTED**

                                                 _____/s/_____
                                                 Bradshaw Rost, Esq. (D.C. Bar #376064)
                                                 ***Tenenbaum & Saas, P.C.***
                                                 4330 East-West Hwy., Ste. 1150
                                                 Bethesda, Maryland 20814
                                                 (301) 961-5300
                                                 (Fax) 961-5305
                                                 Counsel for Plaintiff L&L Construction
                                                 Associates, Inc.
                                                 **Email to be noticed: *BRost@tspclaw.com***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 7, 2006, I electronically filed the foregoing Sur-Reply in Opposition to Motion to Dismiss Amended Complaint with the Clerk of the District Court using its CM/ECF System. Service of these papers was perfected electronically, as provided for under Local Civil Rule 5.4(d), on the following:

> Val S. McWhorter
> Edmund M. Amorosi
> W. Stephen Dale
> SMITH, PACHTER, MCWHORTER & ALLEN, PLC
> 8000 Towers Crescent Drive, Suite 900
> Vienna, Virginia 22182

_____/s/_____
Bradshaw Rost